**STATE of Vermont v. Wade WILLIS, No. 82-109**

March 9, 1982. 1. Since it appears on its face that the matters embraced within the motion for permission to appeal under V.R.A.P. 5(b)(1) are for discretionary disposition by the trial court, *State v. Reuschel*, 131 Vt. 554, 560–62, 312 A.2d 739, 743 (1973), rather than presenting controlling questions of law, *Powers v. State Highway Board*, 123 Vt. 1, 5–6, 178 A.2d 390, 393 (1962), the motion is denied.

2. In view of our ruling under paragraph 1 (above), the motion for a stay of jury selection and jury trial under V.R.A.P. 8(a) is denied.

**STATE of Vermont v. Robert JOYCE, Sr., No. 365-81**

March 17, 1982. 1. The order of the Vermont District Court, Caledonia Circuit, entered July 22, 1981, denying the appellant's motion for reconsideration of sentence, is vacated;

2. The case is remanded to the District Court for a hearing at which the appellant will be afforded the opportunity to present evidence and arguments in support of his motion for reconsideration of sentence.

**LAMOILLE FAMILY CENTER v. TOWN OF MORRISTOWN, No. 494-81**

March 17, 1982. Because this matter on remand was decided by the Lamoille Superior Court, and there has been no timely appeal from that decision, the original appeal is dismissed.

**Peter K. RANNEY v. Alasdair T. MUNRO, No. 51-81**

March 25, 1982. Summary judgment affirmed. This Court, in *Ranney v. Munro*, 138 Vt. 523, 418 A.2d 862 (1980), affirmed the previous order of the trial court dated November 26, 1980, which granted defendant's V.R.C.P. 12(b)(6) motion to dismiss the plaintiff's complaint for failure to state a claim. Accordingly, the doctrine of res adjudicata bars this action. V.R.C.P. 41(b)(3); *Cody v. Estate of Cody*, 134 Vt. 113, 114, 352 A.2d 684, 685 (1976).

**IN RE Arthur A. HEALD, No. 402-81**

March 25, 1982. Motion for reinstatement as attorney at law

656

granted and Arthur A. Heald is hereby reinstated effective March 25, 1982.

■■■■■■■

**CHAMPLAIN VALLEY MILK PRODUCERS, INC. v. VERMONT MILK CONTROL BOARD, No. 82-104**

April 2, 1982. A. Motion to stay enforcement/implementation of Milk Control Board Rule, denied.

B. Appellee's motion to dismiss for lack of jurisdiction is granted;

1. The proceeding below was rule making in nature and not a contested case under 3 V.S.A. Chapter 25. Accordingly, this Court is without jurisdiction.

2. Appellant failed to apply to the Milk Control Board for a rehearing, 6 V.S.A. § 2931(b), and this Court is without jurisdiction.

**STATE of Vermont v. AMES BIG N DEPARTMENT STORE, No. 443-81**

May 28, 1982. This case being controlled by our decision in *State v. Ludlow Supermarkets, Inc.*, 141 Vt. 261, 448 A.2d 791, filed this same date, the judgment below granting the defendant's motion to dismiss the prosecution is affirmed.

**STATE of Vermont v. GRAND UNION CO., P & C Food Markets, Inc., et al. and First National Stores, Inc., The Great Atlantic & Pacific Tea Co., No. 82-042**

May 28, 1982. This case being controlled by our decision in *State v. Ludlow Supermarkets, Inc.*, 141 Vt. 261, 448 A.2d 791, filed this same date, that portion of the judgment below declaring 13 V.S.A. § 3355(b) to be unconstitutional and without force or effect is affirmed; that portion of the judgment restraining and enjoining the defendants Grand Union Company and P & C Food Markets, Inc., from conducting their usual business on July 4, Labor Day, Thanksgiving or Sundays other than those between Thanksgiving and Christmas is reversed.

**IN RE Peter DIAMONDSTONE, No. 229-81**

June 11, 1982. It appearing that no jurisdiction existed in the purported tribunal issuing the judgment of contempt, all proceedings and orders in connection with this matter are declared null and void and the prayer of the appellant for dismissal is granted.

**IN RE Robert E. WEST, No. 351-80**

July 7, 1982. The conviction of Robert E. West for violations of 18 U.S.C. §§ 1001 and 1014 having been affirmed by the United States Court of Appeals for the Second